UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DALE KEWAYNE DAY,<br><br>　　　　　　　Defendant. | NO. CR13-5660BHS<br><br>PROTECTIVE ORDER |

This matter, having come to the Court's attention on the unopposed motion of the government for entry of a discovery protective order, the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

**1.   Protected Material.**

The following documents and materials are deemed Protected Material:

　　　　a.   Grand jury transcripts and exhibits;

　　　　b.   Law enforcement reports containing statements of witnesses and/or personal information of witnesses, including dates of birth, Social Security numbers (or other identification information), driver's license numbers, addresses, telephone numbers, location of residence or employment, and other confidential information.

Protective Order - 1

The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"). The attorneys of record and members of the defense team may share and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendant and other persons. The exception to this prohibition is the dissemination of electronic copies to the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by Defendant. Defendant agrees not to print, attempt to print, or ask anyone else on his behalf to print any Protected Material.

The United States Attorney's Office for the Western District of Washington is prohibited from providing copies of the Protected Material to non-law enforcement witnesses or potential witnesses.

Any violation of these prohibitions constitutes a violation of the Protective Order. Further, the attorneys of record are required, prior to disseminating any copies of the Protected Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and obtain written consent by members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

**2.    Filing**

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matters before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**3.    Nontermination**

The provisions of this Order shall terminate only upon further order by the Court.

**4.    Violation of Any Terms of this Order**

Any violation of any term or condition of this Order by the Defendant, his attorneys of record, any members of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

**5.    Right to Review**

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government.   The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the

Protective Order - 3

right to bring any concerns about the scope or terms of the Order to the attention of the Court.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 10th day of December, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

Protective Order - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970